**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| PATRICK REGAN, | ) | |
| | ) | |
| | ) | 2:23-CV-00246-CRE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SECRETARY CARLOS DEL TORO, | ) | |
| SECRETARY OF THE UNITED STATES | ) | |
| NAVY; | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## <u>MEMORANDUM OPINION</u>[1]

Cynthia Reed Eddy, United States Magistrate Judge.

### I.   INTRODUCTION

This lawsuit was initiated by Plaintiff Patrick Regan ("Plaintiff") against Defendant Carlos

Del Toro, Secretary of the United States Navy ("Defendant Del Toro"), under the Administrative

Procedure Act, 5 U.S.C. § 701, *et seq*. ("APA"). Plaintiff challenges the following: his involuntary

discharge from the Navy; the Government's attempts to enforce the terms of the Armed Forces

Health Professions Scholarship Program Service Agreement ("Scholarship Agreement"); and the

recoupment of more than $300,000 that Plaintiff owes for his Lake Erie College of Osteopathic

Medicine ("LECOM") tuition.

---

[1]      All parties consented to jurisdiction before a United States Magistrate Judge, and so the
Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See*
28 U.S.C. § 636, *et seq*.

Presently before the Court is Defendant Del Toro's motion to dismiss for lack of subject matter jurisdiction Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] (ECF No. 9). The motion is fully briefed and ripe for disposition. (ECF Nos. 10, 17, 18).

For the reasons below, Defendant Del Toro's motion to dismiss is granted.

## II.    BACKGROUND

In fall 2011, Plaintiff enrolled as a medical student at LECOM. Compl. (ECF No. 1) ¶ 16. Soon after, Plaintiff entered into a Scholarship Agreement with the Navy, under which the Navy agreed to pay for Plaintiff's LECOM tuition. *Id.* ¶¶ 3-6; Scholarship Agreement (ECF No. 1-2). In return, Plaintiff promised to serve four years in the Navy following graduation. *Id.* Under the Scholarship Agreement, Plaintiff "agreed to reimburse the United States for the 'total cost (lump sum plus interest)' of his education program, should [he] 'become unable to commence the period of Active Duty Service Obligation' " ("ADSO"). Compl. ¶ 6. Plaintiff also agreed that if he was "relieved of ADSO by reason of separation because of disability, the United States Navy may . . . initiate discharge and recoupment actions." Scholarship Agreement ¶ 16.

In December 2014, Plaintiff was diagnosed with myositis, an "auto-immune disease that causes muscle inflammation." Compl. ¶ 17.

On May 20, 2015—as Plaintiff approached graduation at LECOM, and after the Navy rejected his request for a physical waiver—the Navy sent Plaintiff a letter. *Id.* ¶¶ 19-21; ECF No. 1-5 at 1. That letter stated that Plaintiff was "being considered for honorable discharge" after the Navy's Bureau of Medicine and Surgery "recommended Administrative Separation and recoupment of funds expended for [Plaintiff's] education" and because he was no longer

---

[2]    Defendant Del Toro also moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (ECF No. 10) p. 5 n.2.

"physically qualified for retention in the Navy Reserve." *Id*. One month later, the Navy "honorably discharged" Plaintiff, with notice given by letter confirming the same. Compl. ¶ 24; Involuntary Discharge Letter (ECF No. 1-15). Soon after, Plaintiff was formally notified he would have to repay the Navy for the amount it spent on his LECOM tuition. (ECF No. 1-10 at 5) ("Mr. Regan was notified of the debt on April 28, 2016"); (ECF No. 1-13) ("You state you became aware of your indebtedness in May 2015").

On October 12, 2016, Plaintiff submitted a Waiver/Remission of Indebtedness Application Form DD2789. Compl. ¶ 27; (ECF No. 1-6). Therein, Plaintiff acknowledged that the Government informed him of the need to "pay them back the money they paid for [his] medical school" but added he "did not have the $307,914.16 that the Government is asking for." (ECF No. 1-6 at p. 2). On November 7, 2016, Plaintiff submitted a Hearing Request to the Department of Treasury, noting his objection to any garnishment of his wages. Compl. ¶ 29; (ECF No. 1-7). But, according to Plaintiff, the Defense Finance and Accounting Service ("DFAS") rejected his request for Waiver/Remission of Indebtedness, and "ignored" Plaintiff's Hearing Request. Compl. ¶¶ 28, 30.

Since 2017, the Government attempted to collect on Plaintiff's debt by offsetting his tax refunds, garnishing his wages, and referring further collection efforts to Transworld Systems, Inc. *Id*. ¶¶ 31-36. Meanwhile, Plaintiff tried to change his military record (to clarify that he was discharged involuntary) and made a second attempt at obtaining a waiver of his debt. *Id*. ¶¶ 39, 40. The DFAS rejected Plaintiff's second application for a waiver of indebtedness. *Id*. ¶ 40. Then, in November 2020, the Navy confirmed that the recoupment of Plaintiff's debt was "not contrary to personal policy or management objectives," was "consistent with laws, Department of Defense

policies, and Navy policy," and that "[r]emission of [such] a debt for a . . . participant who does not fulfill his agreed-upon service conditions would, in fact, be inequitable." (ECF No. 1-14) at 2.[3]

On February 15, 2023, Plaintiff initiated this lawsuit against Defendant Del Toro, in his official capacity, under the APA asking the Court to conduct an "agency review of a determination that Plaintiff [ ] is financially responsible for over $300,000 of medical school debt. . . ." Compl. ¶¶ 1, 4. Plaintiff also asks the Court to "stay all collection and seizure activity," "[d]ecree that [the Navy] has no right to remuneration" and cannot "enforc[e] collections under the terms and provision of the Scholarship Agreement," "[d]ecree the debt null and void," and "[a]ward Plaintiff the costs of . . . litigation." *Id.* at Demand for Relief.

Defendant Del Toro now moves to dismiss Plaintiff's Complaint in its entirety and with prejudice.

### III.   STANDARD OF REVIEW

a.   Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)

When there is a question of fact about the court's jurisdiction, " 'the trial court may examine facts outside the pleadings[.] Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case.' " *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). To resolve this factual issue, the trial court can consider evidence outside the pleadings. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Moreover, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."

---

[3]      The Navy also noted in that same letter, that Plaintiff could—as an "alternative to loan repayment, complete his obligation to the . . . Navy through service as a civilian physician at one of [its] facilities." *Id.*

*Mortensen*, 549 F.2d at 891. "[T]he burden of proving that jurisdiction exists lies with the plaintiff, and 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 464 (3d Cir. 2013) (quoting *Mortensen*, 549 F.2d at 891).

The applicable inquiry under Fed. R. Civ. P. 12(b)(6) is well settled. Under Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 12(b)(6) provides a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Additionally, a court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to

raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not like a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Scheuer*, 416 U.S. 232. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

If a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, then the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir.

2004), *as amended* (Mar. 8, 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998

F.2d 1192, 1196 (3d Cir. 1993).

### IV.    DISCUSSION

#### a.    An APA Claim's Statute of Limitations

Defendant Del Toro maintains that because Plaintiff's APA claim accrued in either 2015

(when the Navy discharged Plaintiff and he first acknowledged his debt) or 2016 (when the

Government denied Plaintiff's first application for a waiver of indebtedness), the APA's strict six-

year statute of limitations applies and strips this Court of jurisdiction. (ECF No. 10) at p. 1. Plaintiff

maintains that the "date of finality"—on which his APA claim first accrued, was not until

sometime in 2020. (ECF No. 17) at pp. 4-6.

Judicial review of an action by a government agency is provided for under the APA, 5

U.S.C. § 702, and such cause of action is governed by the six-year statute of limitations codified

at 28 U.S.C. § 2401. *Dougherty v. U.S. Navy Bd. for Correction of Naval Recs.*, 784 F.2d 499, 501

(3d Cir. 1986). Under the APA, a claim accrues on the date of final agency action. 5 U.S.C. § 704.

*See Sydnor v. Off. of Pers. Mgmt.*, No. CIV.A.06 0014, 2007 WL 2029300, at *4 (E.D. Pa. July

11, 2007), *aff'd*, 336 F. App'x 175 (3d Cir. 2009); *Adams v. Duncan*, 179 F. Supp. 3d 632, 642

(S.D.W. Va. 2016) ("An APA claim accrues, and the statute of limitations begins to run, when an

individual is injured by final agency action"). An agency action is final when "it marks the

consummation of the agency's decision-making process," meaning it is "not . . . tentative or

interlocutory"; and the action is one by which "rights or obligation have been determined, or from

which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997). In the

context of military discharge cases, or cases contesting actions taken because of the discharge, the

discharge accrues upon the date of removal from the service. *Cameron v. Sec'y of Army*, No. 10-

CV-00402-KLM-BNB, 2010 WL 3190616, at *4 (D. Colo. Aug. 11, 2010) (citing *Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir. 1986)). When a debt owed to the government is challenged, the statute runs from the date the government formally communicates the debt to the debtor. *Otoe-Missouria Tribe of Okla. v. United States HUD*, 2014 U.S. Dist. LEXIS 94768, at *16-19 (W.D. Okla. Feb. 13, 2014).

Defendant Del Toro cites *Ayers v. United States Dep't of Def.* for the proposition that when a plaintiff is involuntarily discharged from the armed forces, and the military attempts to recoup education costs, the APA claim accrues when the military denies an appeal for debt relief. (ECF No. 10) at p. 7. Defendant Del Toro argues that Plaintiff's accrual date is late 2016. *Id.* In response, Plaintiff maintains that he continuously sought administrative remedy since 2015 and patiently abided by the Scholarship Agreement to comply with the administrative process. (ECF No. 17) at p. 6. Plaintiff argues that the "DFAS's Advisory Opinion" [4] was the "final agency action" because it "made clear that Defendant's decision had been finalized." *Id.*

In *Ayers*, a college student "was disenrolled from the Air Force ROTC program" and "honorably discharged" in April 2008, after informing her commander that "she was a lesbian"— which, at the time, the so-called "Don't Ask, Don't Tell" law was in effect. *Ayers v. United States Dep't of Def.*, No. 7:18-CV-00032, 2019 WL 4145240, at *1 (W.D. Va. Aug. 30, 2019). The "Air Force initiated scholarship recoupment procedures" and the college student appealed arguing "her prior enlistment time satisfied the debt obligation." *Id.* at *2. In October 2008, the Air Force denied

---

[4]     Defendant Del Toro's reply brief asserts that no "DFAS Advisory Opinion" document exists in Plaintiff's filings. (ECF No. 18) at p. 2 n.2. Instead, Defendant Del Toro clarifies there is "only a November 2020 Advisory Opinion from the Navy's Bureau of Medicine and Surgery (ECF No. 1-14); and a September 2020 letter from DFAS to Plaintiff, denying Plaintiff's 2019 request for a waiver of indebtedness and apprising him of his right to appeal. (*See id.* at 2)." (ECF No. 18) at p. 2 n.2.

the college student's appeal, explaining that the scholarship "was paid towards her education in anticipation of commissioning as an officer, not as a reward for enlisted performance." *Id.* (internal quotations omitted). In 2018, the college student filed an adversary proceeding in Bankruptcy Court and challenged the Air Force's recoupment decision. *Id.* at *2-3. The college student sought an order discharging her of any debt and enjoining the Department of Defense from recoupment efforts. *Id.* The Bankruptcy Court found that her complaint was time-barred; she appealed that decision to the District Court. *Id.* at *6. Her appeal argued that the "[garnishment and decision-making] actions taken . . . to recoup funds" occurred within the statute of limitations and should "be considered as final agency action . . . subject to judicial review." *Id.* The District Court held that "the recoupment actions that occurred within the limitations period are not final actions. " *Id.* at *7. It emphasized that "[c]onduct becomes reviewable under the APA. . . when the agency has completed its decision-making process, and the result of that process is one that will directly affect the parties." *Id.* at *5. In the college student's case, it found that "the denial of [her] appeal [in October 2008] was the consummation of the Air Force's decision-making process." *Id.* It explained that the 2008 decision to pursue recoupment was "not tentative or interlocutory" and "[l]egal consequences flowed from" it; "the government's efforts to recover ROTC expenses are effects of the initial decision to seek recoupment[.]" *Id.* at *5-7.

Plaintiff's Complaint explicitly challenges the Navy's 2015 discharge decision, its 2016 denial of his request for a waiver of indebtedness, and its subsequent refusal to provide Plaintiff with an in-person hearing. He specifically asks the Court to undo those decisions by ruling that the Navy "has no right to renumeration" and his debt is "null and void." Consequently, Plaintiff's APA Claim flows from 2015 or 2016. On the one hand, Plaintiff's APA claim flows from his 2015 discharge—because he challenges the discharge's repercussions. On the other hand, Plaintiff's

APA claim also flows from 2016 denial of his first request for a waiver of indebtedness—because he challenges the resulting "legal consequences." *Wood v. Sec'y of Army*, No. 3:17-CV-01390, 2018 WL 4306319, at *5 (M.D. Pa. June 29, 2018), *report and recommendation adopted sub nom. Wood v. Sec'y of the Army*, No. CV 3:17-1390, 2018 WL 3455055 (M.D. Pa. July 18, 2018); *Ayers*, 2019 WL 4145240, at *7. Plaintiff's discharge and the denial of his first request for waiver of indebtedness were final administrative decisions from which all subsequent actions flowed. *See Oliver v. U.S. Dep't of the Army*, No. CIV. 14-04114 FLW, 2015 WL 4561157, at *8 (D.N.J. July 28, 2015) (citing 28 U.S.C. § 2401); *Lopaz v. U.S. Dep't of Hous.*, No. CV1914868RMBKMW, 2020 WL 1284344, at *2 (D.N.J. Mar. 18, 2020) (dismissing an APA claim where "more than six years . . . elapsed since [the plaintiff's APA] claim accrued"); *see also Com. of Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 944–945 (3d Cir. 1996).

Finally, Plaintiff alternatively argues that the doctrine of equitable tolling should apply to his Complaint. (ECF No. 17) at pp. 6-8. In this regard, Plaintiff asserts there was an "unwillingness to communicate" with him, and that he was misled into "delaying judicial review under the promise of meaningful administrative review." *Id.* at 7-8.

Although the APA's statute of limitations is often viewed as a jurisdictional bar, it is unclear whether it is even subject to equitable tolling in this Circuit. *Compare Kannikal v. Att'y Gen. U.S.*, 776 F.3d 146, 156 n.7 (3d Cir. 2015) (declining to decide whether 28 U.S.C. § 2401 is jurisdictional) *with Battle v. Mabus*, No. CV 17-23, 2018 WL 1569408, at *2 (W.D. Pa. Mar. 30, 2018), *aff'd sub nom. Battle v. Sec'y U.S. Dep't of Navy*, 757 F. App'x 172 (3d Cir. 2018) ("[F]iling within the time frame permitted by Section 2401(a) is a jurisdictional requirement") and *Yelverton v. Dep't of the Army*, No. CIV.A. 13-4495, 2014 WL 4413610, at *4 (E.D. Pa. Sept. 5, 2014) (finding the ADA's statute of limitations is a jurisdictional barrier). That aside, Plaintiff has not

plausibly plead that he was misled in a manner sufficient to warrant equitable tolling—he acknowledged the debt on many exchanges as confirmed within Plaintiff's exhibits attached to his Complaint. Equitable tolling is extended only sparingly, in circumstances:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012) (internal quotation omitted). Although Plaintiff again sought waiver/cancellation of his debt after 2016, "the statute of limitations is not tolled while a claimant seeks permissive administrative review by the military records of correction." *Yelverton*, 2014 WL 4413610, at *4.

Because Plaintiff's 2015 discharge and the 2016 denial of his first request for a waiver of indebtedness were final agency actions, Plaintiff's Complaint is time-barred. As a result, this Court lacks jurisdiction over Plaintiff's APA claim and Plaintiff has failed to state an APA claim for which relief can be sought. In light of this finding, the Court does not, and need not, assess Defendant Del Toro's remaining arguments for dismissal.[5]

---

[5]     Defendant Del Toro's brief in support also included the following sound arguments for dismissal: (1) To the extent that Plaintiff tries to bring a claim for breach of contract, or a violation of his Fifth Amendment due process rights, the former can be brought only in the Court of Federal Claims, and the latter cannot be brought against the Navy or its Secretary, acting in his official capacity; (2) Plaintiff's post-discharge allegations are misdirected and should include DFAS because they are responsible for the recoupment and complained-of wage garnishments; and (3) Plaintiff's demand for a jury trial should be stricken because its impermissible under the APA. (ECF No. 10).

## V.     CONCLUSION

For all these reasons, Defendant Del Toro's motion to dismiss (ECF No. 9) is granted.

Amendment of the Complaint is denied as futile.

An appropriate Order follows.


Dated: March 28, 2024                              BY THE COURT:

                                                   s/Cynthia Reed Eddy
                                                   Cynthia Reed Eddy
                                                   United States Magistrate Judge


cc:     Counsel of Record
        (via ECF electronic notification)